UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID E. CLARK, | ) | CASE NO. 4:10 CV 495 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| J. PARKER, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiff filed a "Motion to Alter or Amend Judgment" (ECF #7-1) on April 7, 2011, to ask this Court to reconsider its decision to dismiss this action on July 20, 2010. For the following reasons, the Motion is **denied**.

**I. Background**

Plaintiff filed this action on March 8, 2010 against Ohio State Penitentiary ("OSP") Unit Manager Administrator J. Parker, former OSP Unit Manager Mr. Hill, Acting OSP Institutional Inspector Ted Jackson, Rules Infraction Board (RIB) Chairman Lieutenant Ritz, RIB Member Ms. Lugle, OSP Sergeant Tanner, Ohio Department of Rehabilitation and Correction ("ODRC") Chief Inspector John Doe, ODRC Assistant Chief Inspector John Doe, OSP Warden David Bobby, and ODRC Director Ernie Moore alleging he was unfairly charged with conduct violations and deprived of personal property. He asserted claims of retaliation for attempting to redress a grievance, denial

of due process when he was placed in segregation and deprived of his personal property, and violation of his Eighth Amendment rights by the totality of the events.

Thereafter, the Court issued its Memorandum of Opinion Order dismissing the action on July 20, 2010. (ECF #4.) Specifically, the Court held that the Eleventh Amendment barred the claims against Warden Bobby and Director Moore who were sued only in their official capacities. His claims against the OSP Institutional Inspector, the ODRC Chief Inspector and the ODRC Assistant Chief Inspector were all based on their responses to his grievances which is insufficient to trigger liability under 42 U.S.C. § 1983. His retaliation claim was construed against Ms. Parker and the Court held that he failed to reasonably suggest her conduct was based on an intent to retaliate against him for filing of grievances rather than Plaintiff's conduct which was the subject of the disciplinary action. The Court further held that his placement in segregation and loss of property did not represent an atypical and significant hardship sufficient to trigger due process protections and did not present the type of extreme deprivation that triggered Eighth Amendment protections.

Plaintiff filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) on April 7, 2011, seeking relief from the Court's decision. Specifically, he alleges his Complaint had merit. He contends that he clearly stated a claim for retaliation against Ms. Parker and claims he fails to see how she could feel threatened by his comments to her in his grievance. He further contends that this claim should have been construed against all of the Defendants as he did not specifically state that the claim was against only Ms. Parker. He contends that the Chief Inspector, the Assistant Chief Inspector and the OSP Institutional Inspector did not properly investigate his claims in his grievances and this constitutes personal involvement. Finally, he asserts that the actions of the Defendants did rise to the level of an Eighth Amendment violation.

## II. Rule 59(e)

Federal Rule of Civil Procedure 59(e) permits a party to file a Motion to Alter or Amend a judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit has determined, however, that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). Consequently, a party cannot utilize a Rule 59(e) motion to re-litigate issues the Court previously considered or to "raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *Keeweenaw Bay Indian Cmty. v. United States*, 940 F.Supp. 1139, 1141 (W.D. Mich.1996). In addition, a party wishing to alter or amend a judgment under Rule 59(e) must file his or her Motion within 28 days after the entry of the judgment in question.

## III. Time limitations for Motion to Alter or Amend Judgment

Plaintiff initially asserts that his Motion to Alter or Amend Judgment should be considered timely even though it was filed seven months and sixteen days after judgment was entered in this case. The Court's records indicate that a copy of the Memorandum of Opinion and Order was sent to Plaintiff at OSP on July 20, 2010 by regular US Mail. The prison's legal mail log indicates that a package from this Court arrived at the prison on July 21, 2010. ECF #7-1 at 10-13. Plaintiff signed for it the same day. He claims, however, that this package contained only the Court's ruling on his Application to Proceed *In Forma Pauperis* (ECF #3), and not the Court's Memorandum of Opinion and Order (ECF #4) as indicated on the Court's Notice of Filing.

Plaintiff states that six months passed from the time he received the ruling on his Application to Proceed *In Forma Pauperis* and he became concerned that he had not received an indication that his Complaint had either been dismissed or served. He states he sent letters to the Court on January 26, 2011 and again on February 3, 2011. He claims he received no response from the Court. He indicates he sent a third inquiry to the Court at the Cleveland address and received a copy of the docket. He indicates he sent a request to the Court for a copy of the Memorandum of Opinion and Order. The prison's legal mail log indicates this package arrived on March 2, 2011. Plaintiff signed for the package on March 3, 2011. ECF #7-1 at 12. He then indicates he received a copy of an Order on March 16, 2011 which was filed in error in his case. The prison's legal mail log indicates this package was received by Plaintiff on March 17, 2011. He argues that the time to file his Motion to Alter or Amend Judgment should start to run on the date he claims he received the Memorandum of Opinion and Order.

A Court is precluded from calculating the timeliness of a Rule 59(e) motion based on any date other than the date on which the relevant final order or judgment was entered. *Keith v. Bobby*, 618 F.3d 594, 597-599 (6th Cir. 2010). The text of the rule indicates that only the final order or judgment that the motion seeks to alter or amend can serve as the starting point for determining timeliness. *Id.* District courts do not have even the customary discretion given by Rule 6(b) to enlarge the Rule 59(e) period. *Id.* at 598-99. This court can find no authority to extend the time period for filing a Rule 59(e) Motion.

Even if this Court could extend the time period to the date Plaintiff claims he received a copy of the Memorandum of Opinion and Order from the Court, his Rule 59(e) Motion would be untimely. The prison's legal mail log shows the package arrived from the District Court on March

4

2, 2011. He signed for this package on March 3, 2011, not March 14, 2011 as he suggests in his Motion. Under his argument, he would have 28 calendar days from the date of receipt to file his Motion. The Motion would be required to be filed before March 31, 2011, which was a Thursday. Plaintiff indicates on his Certificate of Service that he placed his Motion in the prison mail on April 6, 2011. His Motion at that point would still be untimely, even under his theory.

### IV. Rule 60(b)

Where a party's Rule 59 motion is not filed within the mandatory 28-day period, the Court may consider the motion as one requesting relief from judgment pursuant to Rule 60(b). *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 268 (6th Cir.1998); *see e.g.*, *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied*, 506 U.S. 828 (1992). The standard for granting a Rule 60(b) Motion, however, is significantly higher than the standard applicable to a Rule 59 Motion. A timely Rule 59 motion may be granted "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." FED.R.CIV.P. 59(a). A Rule 60(b) motion, by contrast, may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b). Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial Complaint. *In re Abdur'Rahman*, 392 F.3d 174, 179 (6th Cir. 2004).

5

Because Plaintiff's Motion does not invoke any of the first five grounds for relief enumerated in the rule, his request for relief is construed under subsection (b)(6), "any other reason justifying relief" from judgment. This subsection, however, is only properly invoked in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990). Plaintiff's Motion does not satisfy this criteria.

It is evident that Plaintiff is simply attempting to relitigate matters which were already considered and rejected by this Court. He first argues that his retaliation claim against Ms. Parker had merit and indicates it should have been construed against all of the Defendants, not just Ms. Parker. Plaintiff did not associate any of the legal claims in his Complaint with any particular Defendant. His legal claims were contained in the "preliminary statement" of his Complaint which was followed by a narrative of allegations. His first claim was stated as "a conspiracy to violate Plaintiff's constitutional rights in retaliation for his attempt to redress his grievances." (ECF # 1 at 1.) The only allegations in the narrative portion of his Complaint which arguably fit within the language of this claim pertained to Ms. Parker's action of bringing disciplinary charges against Plaintiff for language in one of his grievances which she claimed was threatening. Even then, this claim did not satisfy all the elements of a cause of action for retaliation. Although Plaintiff now asserts that the Court's decision was incorrect, it is not a proper basis for relief under Rule 60(b).

To the extent Plaintiff intended for this claim to be asserted against other Defendants, his pleading lacked both factual allegations and legal authority to draw this inference. Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991),

6

"[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations" or to create a claim for the Plaintiff. *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir.1979) (citation omitted); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975). While Plaintiff may wish in hindsight that he had set forth these claims more specifically in his Complaint, a Rule 60(b) Motion does not provide him with an opportunity to raise claims which could have been asserted in his original pleading. *In re Abdur'Rahman*, 392 F.3d at 179.

Plaintiff next contends that the Court incorrectly dismissed his claims against the grievance officers, and his Eighth Amendment claims. These allegations are nothing more than attempts to relitigate matters already considered by the Court. They do not present a valid basis for relief from judgment.

### V. Conclusion

For the foregoing reasons, Plaintiff's Motion (ECF #7) is hereby denied.

IT IS SO ORDERED.

                                       */s/Dan Aaron Polster 11/22/11*
                                       DAN AARON POLSTER
                                       UNITED STATES DISTRICT JUDGE